DIXON, Judge.
This is an appeal by a claimant for unemployment compensation benefits (under R.S. 23:1630) from an adverse ruling in the district court. The district court upheld the Louisiana Board of Review, which had previously affirmed the decision of the Referee.
The findings of the Referee are as follows :
“The claimant worked for this employer a period of five and one-half months. Her work duties consisted of various duties in a laundry type establishment. She is five feet, seven inches tall, weighs 160 pounds and thirty four years of age. On her last day of work the claimant was assigned to filling a laundry tumbler with wet clothes and she told the employer that she would not do the specific task. She gave as the reason that she had pulled a muscle in her side and her side was sore. She had not been to a doctor. This was not the first occasion the claimant had refused to do an assigned duty. She was terminated.”
The Referee’s opinion pointed out that the claimant introduced no medical evidence to support her claim that she was *20 physically unable to perform the work she was instructed to do. Her employer testified that filling the laundry tumbler with wet clothes was understood to be a part of her regular employment, because the employees were required to perform more than one particular task in the laundry work. This was not the first time the claimant had failed to perform the work as instructed.
There is ample evidence to support the findings of the Louisiana Board of Review. R.S. 23:1634 provides in part:
“In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.”
Appellant has cited no authority, and we know of none, under which we could hold that the failure of an employee to perform the tasks assigned in the regular course of employment, without just cause, is not “misconduct connected with his employment.”
The judgment of the district court is affirmed.